CINCINNATI BLDG. & DEPOSIT CO. v. CINCINNATI (CITY).

1. DELAY IN IMPROVEMENT DOES NOT RELIEVE ABUTTING OWNER FROM ASSESSMENT.

Delay in completing a street improvement does not relieve abutting property owners from assessment, and a mortgagee who has become the owner by foreclosure is estopped from denying that the property is not benefited to the extent of the assessment or that it is not valuable enough to stand the assessment, where the mortgagor joined in the petition for the improvement.

[For other cases in point, see 1 Cyc. Dig., "Assessments," §§ 544-599; 4 Cyc. Dig., "Estoppel," §§ 407-415; 600-613.—Ed.]

2. REVISED STATUTE 2272 (SEE LAN. 3613; B. 1536-222), NOT UNCONSTITUTIONAL, AS TO ASSESSMENTS, WHEN.

Revised Statute 2272 (see Lan. 3613; B. 1536-222), in so far as it concerns the validity of an assessment for a street improvement which has been duly petitioned for, and promoted by, the abutting owners, is constitutional.

[Syllabus approved by the court.]

E. J. Dempsey and H. A. Nieberding, for plaintiff.

G. H. Kattenhorn, for defendant.

SMITH, J.

We think the injunction prayed for in this case should not be allowed.

The ordinance for the improvement of Elberon avenue and the assessment for the cost of same against abutting property was duly passed by counsel of the city of Cincinnati and all necessary legislation in reference thereto was taken by it and the board of administration of the city.

While the completion of the work was delayed from time to time by the board of administration and the board of city affairs of the city of Cincinnati, yet there never was an abandonment of the improvement, as council never rescinded its action in passing the ordinance.

As the owner of the property, George F. Meyers, with other property owners on Elberon avenue, petitioned the city for the improvement of said avenue, said Meyers having theretofore mortgaged the same to the plaintiff, the Cincinnati Building & Deposit Company, who subsequently became the owner of the property by foreclosure. That the property owner is bound by said petition, and is estopped from denying that the property in question is not benefited to the extent of the assessment, or that it is not valuable enough to stand the assessment as levied, see Hendrickson v. Toledo, 13-23 O. C. C. 256; Lewis v. Symmes, 61 Ohio St. 471 [56 N. E. Rep. 194; 76 Am. St. Rep. 428].

That George F. Meyers, while the owner, and after the property was mortgaged, had the right to sign such petition for the improvement, and thereby estop himself and his mortgagee from claiming lack of benefits, or lack of value of the property to stand the assessment, see St. Bernard (Vil.) v. Kemper, 60 Ohio St. 244, 253, 254 [54 N. E. Rep. 267; 45 L. R. A. 662].

We cannot hold so far as this case is concerned that original Rev. Stat. 2272 (see Lan. 3613; B. 1536-222) is unconstitutional, so as to relieve the plaintiff of the assessment. Such acts as original Rev. Stat. 2272 (see Lan. 3613; B. 1536-222), at and previous to the passage of the ordinance in question, had been held constitutional, and as the property owners by their petition promoted the improvement that was subsequently carried out, we think the assessment should be sustained.

Swing and Giffen, JJ., concur.